

Karen E. Keller
I.M. Pei Building
1105 North Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0702
kkeller@shawkeller.com

October 30, 2020

**BY CM/ECF AND HAND DELIVERY**
The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19, Room 4324
Wilmington, DE 19801-3555

Re:     *Chugai Pharm. Co., Ltd. v. Alexion Pharm., Inc.*, C.A. No. 18-1802- MN

Dear Judge Noreika:

We seek an order from the Court: (1) clarifying that Alexion's former employees are "non-party witnesses" whose depositions do not affect Chugai's 70-hour time limit for taking depositions imposed by the Scheduling Order; (2) entering the largely-agreed upon modifications to the case schedule and reaffirming the Court's earlier ruling that Chugai may take previously noticed depositions and necessary follow-up discovery during the extended fact discovery period; and (3) quashing Alexion's subpoena to depose the attorney who prosecuted one of Chugai's asserted patents.  Chugai and Alexion have met and conferred and reached an impasse.

**The Court Should Confirm That Alexion's Former Employees Are "Non-Party Witnesses"**

Chugai asks the Court to clarify that former employees for Alexion or Chugai are "non-party witnesses" as the term is used in the Scheduling Order.  The distinction matters because the Scheduling Order limits the time for depositions as follows:  "Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination for fact witnesses, *except for non-party witnesses*." (D.I. 40, Section 8(e)(i) (emphasis added)).  Thus, Chugai may not depose Alexion's fact witnesses for more than 70 hours in total, but that limit explicitly excludes "non-party witnesses."  Chugai and Alexion negotiated that the limit does not apply to third party discovery, and former Alexion employees are not party witnesses. *See* Ex. 1, Kramer email to Velez dated Feb. 26, 2019.  This case focuses on events between 2008-2018, a period of time when Alexion had tremendous turnover.  Chugai excluded non-party witnesses from the proposed time limits, knowing it had to seek discovery from many former Alexion employees and their current employee counterparts.  Allowing Alexion to reinterpret the phrase now would unfairly prejudice Chugai by precluding the remaining depositions that are relevant to its claims.

Based on Alexion's broad interpretation that former employees are party witnesses, too, Chugai has already used approximately 66 hours of its deposition time.  But when excluding four former Alexion employees who did not testify as Rule 30(b)(6) witnesses, Chugai has used only 51.5 hours.  Some former Alexion employees were designated as Rule 30(b)(6) witnesses for Alexion.  Chugai acknowledges that those are "party witnesses."  The additional 14.5 hours is important because Chugai intends to take at least two more fact depositions, and possibly more, time permitting.  Additionally, the Court should adopt Chugai's common sense interpretation of

"non-party witnesses" because: (1) former Alexion employees that had not worked at Alexion for years take more time to refresh their recollection regarding their work at Alexion; (2) when Chugai agreed to the time limit, Alexion had not yet asserted an opinion of counsel defense to willful infringement or waived attorney-client privilege, which triggered additional, unanticipated depositions; and (3) Chugai raised the 70-hour dispute long ago, but Alexion refused to acknowledge that it was a ripe dispute until the parties approached the 70-hour limit. As a result, Chugai only had very experienced attorneys take depositions, which deprived junior lawyers of the same opportunity.

The Court should clarify that Chugai has the correct view that former employees are non-party witnesses, so that both parties will have a clear understanding of Chugai's remaining time to depose Alexion's party witnesses.

**The Court Should Reaffirm Its Prior Ruling that Chugai May Take Any Noticed and Necessary Follow-up Discovery Under the Newly Proposed Case Schedule**

Chugai and Alexion have agreed in principal to a new case schedule that extends the fact discovery deadline to December 30, 2020. *See* Ex. 2, Joint Stipulation and Proposed Order to Continue Case Schedule. Alexion unilaterally contends that during the discovery extension, it can take full discovery, but Chugai can only take a single previously noticed deposition and cannot serve follow-up discovery requests.

The Court has already addressed this. Specifically, when the fact discovery deadline was last extended, the Court ruled that Chugai may use the previous scheduling extension "to complete currently noticed discovery and necessary follow-up." *See* August 10, 2020 Oral Order Regarding Case Scheduling. But since that ruling, Alexion has refused to produce witnesses that had already been noticed for depositions. Chugai seeks the depositions of former Alexion employees Dr. Camille Bedrosian, Dr. Leonardo Sahelijo, and Dr. Christian Cobaugh. Through meet and confer conferences and correspondence, Alexion has long been on notice of Chugai's intent to depose Dr. Bedrosian and Dr. Sahelijo. *See* Ex. 3, Keane email to Velez dated May 8, 2020 (seeking Bedrosian deposition); Ex. 4, Kramer letter to Velez dated June 10, 2020 (seeking Sahelijo deposition). Chugai seeks the deposition of Dr. Cobaugh as necessary follow-up discovery after learning for the first time during the deposition of Dr. Douglas Sheridan that Dr. Cobaugh was allegedly involved with the early design and/or testing of Alexion antibodies that led to the accused product in this case. *See* Ex. 5, Pundeff letter to Velez dated October 9, 2020.

Alexion has no basis to declare that only Alexion can fully take discovery during the extended discovery period. While the balance of depositions was lopsided at one point, Alexion has taken several Chugai depositions now. Chugai has taken the depositions of 14 Alexion witnesses, some of which were very targeted, lasting less than 3 hours. By the end of November, Alexion will have deposed at least 9 Chugai witnesses. In light of the proposed December 30, 2020 discovery deadline, Alexion will have ample time to finish its depositions of Chugai witnesses and pursue follow-up discovery. Chugai plans to use the period to tie up loose ends, consistent with the Court's earlier ruling.

**The Court Should Quash Alexion's Subpoena to Chugai's Patent Prosecution Attorney**

On September 24, 2020, Alexion served a deposition subpoena on Kenley K. Hoover, Ph.D., the prosecution attorney for one of the two patents-in-suit ("the '623 patent"). The Court should quash the deposition subpoena to Dr. Hoover because most of the testimony Alexion seeks to elicit is likely protected by the attorney-client privilege or the work product doctrine.

Throughout discovery, Alexion repeatedly sought privileged information related to the prosecution of the asserted patents. Chugai has repeatedly told Alexion that Chugai will not provide this privileged information. *See, e.g.,* Ex. 6, Kramer letter to Velez dated July 16, 2020. After Alexion stated its intention to depose Dr. Hoover, Chugai asked Alexion to explain how the testimony of the patent prosecutor would not be privileged beyond what is in the file wrapper. Ex. 7, Kramer letter to Velez dated Sept. 18, 2020. Chugai also asked Alexion what non-privileged information Dr. Hoover could have regarding any of Alexion's claims and defenses. Ex. 8, Kramer email to Velez dated Sept. 25, 2020. In response, Alexion merely stated that Dr. Hoover has "information concerning the arguments presented and prior art submitted during the prosecution of the patent application that became the '623 patent." *Id.* But this is undoubtedly privileged information that is otherwise readily apparent from the file history. To the extent there could be any reason to introduce the file history as evidence at trial, Alexion does not need Chugai's lawyer to be a witness to what is in the file wrapper. "To seek information about decisions made during patent prosecution is to seek the communications between the attorney and client in determining how best to prosecute the patent. This is a clear example of legal advice intended to be protected by the attorney-client privilege." *In re TQ Delta*, No. CV 17-MC-328-RGA, 2018 WL 5033756, at *3 (D. Del. Oct. 17, 2018) (citing *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed. Cir. 2000) (recognizing that information is often provided to counsel "for legal advice on patentability or for legal services in preparing a patent application")).

Alexion has not demonstrated that Dr. Hoover's testimony is relevant to any claims or defenses at issue in this lawsuit. Alexion has not pled inequitable conduct and the deadline to amend the claims to add inequitable conduct as a defense lapsed long ago. Courts routinely quash subpoenas of patent prosecution attorneys where inequitable conduct has not been pled. In *Spectrum Pharms., Inc. v. Fresenius Kabi USA, LLC*, C.A. No. 18-1533-CFC, Oral Order, (D. Del. May 22, 2020), defendants that had not included an inequitable conduct claim in the pleadings issued a subpoena to the prosecuting attorney. Ex. 9, docket entry for the May 22, 2020 Oral Order. The court granted the plaintiffs' motion to quash "upon consideration of *In re TQ Delta, C.A. No. 17-328-RGA*, 2018 WL 5033756 (D. Del. Oct. 17, 2018) because the information sought is privileged and because discovery is not permitted for the purpose of making a claim that has not been pleaded." *Id.* Similarly, the Court should grant Chugai's motion to quash Alexion's deposition subpoena of Dr. Hoover.

                          Respectfully submitted,

                          */s/ Karen E. Keller*

                          Karen E. Keller (No. 4489)

cc:    All counsel of record (by CM/ECF & e-mail)
       Clerk of Court (by hand delivery)