

October 30, 2020

VIA E-FILING                                                FILED UNDER SEAL

The Honorable Maryellen Noreika
United States District Court
844 North King Street
Wilmington, DE 19801

Re: *Chugai Pharmaceutical Co., Ltd. v. Alexion Pharmaceuticals, Inc.,*
C.A. No. 18-cv-1802-MN (Consolidated)

Dear Judge Noreika:

Alexion respectfully moves for an order (1) compelling Chugai to provide testimony from Atsuhiko Maeda and Chifumi Moriyama and (2) quashing the deposition subpoena served by Chugai on Christian Cobaugh and entering a protective order regarding the depositions of Camille Bedrosian and Leonardo Sahelijo.

**The Court Should Compel Chugai to Produce Maeda and Moriyama for Deposition**

Chugai has asserted patent claims against Alexion purporting to cover methods for removing any antigen from plasma by administering any antibody that binds to that antigen and has certain dissociation constant (KD) ratios. The claims cover both naturally occurring antibodies and antibodies that have been modified with histidine substitutions. Atsuhiko Maeda is one of the inventors of the patents-in-suit and played a central role in the research and development of asserted claims covering antibodies with histidine substitutions. Chifumi Moriyama did the KD testing that formed the basis of the examples in the patents-in-suit. The relevance of these witnesses' testimony is undisputed. In response to Alexion's deposition requests, Chugai asserted that Mr. Maeda and Ms. Moriyama would not travel outside Japan to have their depositions taken remotely for personal reasons. The Court should compel Chugai to produce these witnesses for deposition as soon as it is practical.

Alexion understands that, given the personal circumstances of Mr. Maeda and Ms. Moriyama, the Court may not wish to compel their depositions if doing so would force them to travel outside of Japan. However, at the very least, Alexion is requesting that Mr. Maeda's and Ms. Moriyama's depositions be scheduled in Japan as soon as it is possible. This is necessary because Alexion has not been able to obtain highly relevant discovery despite its good-faith efforts. For example, Alexion asked Dr. Igawa (Chugai's 30(b)(6) witness on most technical topics) about Ms. Moriyama's work, but he was unable to provide answers. ████████████████████████████████████████████████████████████████████ Ex. 1 at 238:5-24. Alexion also suggested that Ms. Moriyama sign a proposed stipulation concerning her work in lieu of taking her deposition. Ex. 2. After sitting for a month with a proposed stipulation Alexion had drafted that purely stated the facts, on Wednesday evening Chugai finally responded, but with a self-serving, significantly-revised draft. Ex. 3. This is improper. The stipulation is not a vehicle for Chugai to provide its desired testimony. It can do that at a deposition under cross-examination. If Chugai is unwilling to execute the stipulation provided by Alexion, it should make Ms.

Moriyama available for deposition. For Mr. Maeda, Chugai states that he has a medical condition that prevents him from traveling. Alexion requests that should a deposition in Japan become feasible before trial, Chugai be required to make him available.

**<u>Cobaugh, Bedrosian, and Sahelijo Depositions Are Improper, Duplicative, Burdensome</u>**

Under Rule 45, the court is required to quash or modify a subpoena that "subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Rule 26(b) provides that the court, "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Further, Rule 26(c) permits a court to limit the scope of discovery, including depositions, by entering a protective order upon a showing of good cause in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Christian Cobaugh, Camille Bedrosian, and Leonardo Sahelijo are former employees of Alexion. Chugai served a deposition subpoena on Dr. Cobaugh (Ex. 4) and requested deposition dates for Dr. Bedrosian and Mr. Sahelijo. Dr. Cobaugh objected to his subpoena and Alexion objected to the deposition requests for all three witnesses. Exs. 5-6. The Court should quash the Cobaugh subpoena and enter a protective order regarding the Bedrosian and Sahelijo depositions because the requested depositions would exceed the 70-hour limit agreed to by the parties in the Scheduling Order.[1] D.I. 14 at 4. In June, Alexion informed Chugai that the number of Alexion witnesses that it had identified would exceed the 70-hour limit and that this limit applies to Alexion's former employees. Ex 7 at 2; Ex. 8 at 1. The parties met and conferred on July 14 during which time Chugai stated the 70-hour limit should not apply to former employees because Chugai would like to give junior attorneys the opportunity to take depositions and those attorneys need more time to take depositions. Ex. 9 at 1. Despite declaring that the parties were at an impasse and that the issue was ripe for Court intervention, Chugai chose not to seek the Court's assistance regarding this issue when Chugai brought other issues to the Court on July 27. D.I. 133. Instead, Chugai waited until it needed an extension of the schedule for the third time due its failure to timely produce witnesses for deposition to seek an expansion of the 70-hour deposition limit. This is improper. Over several months, Chugai has deposed 13 witnesses from Alexion, including eight current employees and five former employees (one of which was designated as a 30(b)(6) witness). The 70-hour limit applies to Alexion's former employees because these individuals are not unrelated witnesses. Chugai deposed them to inquire about information that they learned during the course of their employment at Alexion. This information is, in many instances, confidential information from Alexion. Moreover, Alexion

---

[1] In deposing Alexion's current and former employees, Chugai has used 65 hours and 36 minutes towards the 70-hour limit. Alexion offered one witness for the remaining time, but Chugai rejected Alexion's offer. Ex. 6 at 1. It appears that Chugai is seeking to depose the three witnesses at issue for a maximum of seven hours each, which would exceed the 70-hour limit. The actual time available to Chugai is actually less given that it has cross examined its own witnesses during recently held depositions for which the final transcripts are not available yet.

2

took the steps to contact the witnesses and made them available for deposition as with its own employees.[2] They are a witness of a party to the litigation. Chugai would err if it argues that the 70-hour limit should not apply to Alexion's former employees because Alexion lacks control over them.

See, e.g., Ex. 10 at 10; Ex. 11 at 4.

The Court should also grant Alexion's motion to quash and for protective order because the sought depositions are duplicative, wasteful, unduly burdensome, and/or untimely. First, Alexion notes the witnesses at issue are only tangentially related to the issues in the case. For example, Mr. Sahelijo joined Alexion in 2013, after the development of ravulizumab had been completed. Dr. Bedrosian was Alexion's Chief Medical Officer during the relevant time frame. The extent of her knowledge is that she supervised – from a very high level – individuals who conducted the development of ravulizumab. This is an insufficient basis to seek her deposition. See, e.g., *Koken v. Lexington Ins. Co.*, No. 04-2539, 2005 WL 6051364, at *1 (E.D. Pa. July 18, 2005). While Dr. Cobaugh worked as a bench scientist in the development of ravulizumab, his role was limited. And Alexion already produced four scientists that were involved in the research and development of ravulizumab. Moreover, Chugai had the opportunity to depose other Alexion witnesses, including Alexion's 30(b)(6) witnesses Paul Tamburini and Douglas Sheridan, and inquire about Dr. Cobaugh, Dr. Bedrosian, and Mr. Sahelijo, rendering their depositions duplicative. See, e.g., *Otsuka Pharm. Co., Ltd. v. Sandoz, Inc.*, No. 07-1000 (MLC), 2008 WL 11510413, at *1 (D.N.J. Oct. 14, 2008). With respect to Dr. Cobaugh, Chugai unduly delayed in seeking his deposition. For example, Dr. Paul Tamburini mentioned Mr. Cobaugh many times during his deposition in July. See, e.g., Ex. 12 at 40:20-41:15, 48:7-9, 51:14-53:12. Yet Chugai chose not to seek Mr. Cobaugh's deposition until two months later when it needed an extension of the schedule due to its failure to timely produce witnesses for deposition.

**Chugai's Belated Agreement to Produce Relevant Testing Data**

In response to RFP No. 69, which seeks all documents pertaining to any tests conducted by Chugai in connection with the Tokyo District Court litigation between Chugai Pharmaceutical Co., Ltd. and Alexion Pharma Godo Kaisha, Alexion asked Chugai to produce the testing data underlying the report by Hiroko Konishi filed as Exhibit A74. At a meet-and-confer, Chugai refused to agree to produce these data raising privilege and work product objections. On the eve of this motion and after the close of business, Chugai agreed to produce responsive documents. Alexion reserves the right to seek the Court's assistance after it has the opportunity to review Chugai's documents and related privilege log, as any privilege or work product claims would lack merit. See, e.g., *Koninklijke Philips Electronics N.V. v. ZOLL Medical Corp.*, No., 10-11041-NMG, 2013 WL 812484, at *3 (D. Mass Mar. 4, 2013); *Oil-Dri Corp. of Am. v. Nestlé Purina Petcare Co.*, No. 16 C 09179, 2017 WL 1436965, at *6 (N.D. Ill. Apr. 24, 2017).

---

[2] In contrast, Chugai has refused to make its former employees available, including Daisuke Make and Chugai's former CEO Osamu Nagayama. Chugai's failure to produce Mr. Nagayama is troubling given that Chugai appears to be relying on him for interrogatory responses and Mr. Nagayama has been contacting Alexion's former employees about this litigation.

3

                                                  Respectfully submitted,

                                                  /s/ Michael J. Farnan

                                                  Michael J. Farnan

cc: Counsel of Record (Via E-Mail)