IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHUGAI PHARMACEUTICAL CO., LTD.,  )
)
Plaintiff,  )
)
v.  )   C.A. No. 18-1802 (MN)
)
ALEXION PHARMACEUTICALS, INC.,  )
)
Defendant.  )

**THE COURT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS**

## TABLE OF CONTENTS

I.      INTRODUCTION AND ROLE OF THE JURY ............................................................... 1

II.     OVERVIEW OF THE CASE ......................................................................................... 2

III.    UNITED STATES PATENTS ........................................................................................ 3

IV.     EVIDENCE.................................................................................................................... 4

V.      BURDENS OF PROOF ................................................................................................. 6

VI.     WITNESSES.................................................................................................................. 7

VII.    EXPERT TESTIMONY ................................................................................................. 8

VIII.   DEPOSITION TESTIMONY ......................................................................................... 9

IX.     ADMITTED FACTS .................................................................................................... 10

X.      DEMONSTRATIVES .................................................................................................. 11

XI.     BENCH CONFERENCES............................................................................................ 12

XII.    NOTE-TAKING ........................................................................................................... 13

XIII.   CONDUCT OF THE JURY ......................................................................................... 15

XIV.    COURSE OF THE TRIAL ........................................................................................... 17

XV.     TRIAL SCHEDULE.................................................................................................... 18

I.     **INTRODUCTION AND ROLE OF THE JURY**

Members of the jury: I have the following preliminary instructions for guidance on your role as jurors in this case.

These instructions are intended to assist you in discharging your duties as jurors and to introduce you to the case and the law that you will apply to the evidence that you will hear.  Also, because this case involves patents, I will give you some preliminary instructions regarding patents. I will give you more detailed instructions on the law at the end of the trial.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.  You and only you will be the judges of the facts.  I play no part in judging the facts.  My role is to be the judge of the law.  I make whatever legal decisions have to be made during the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not. It is important that you perform your duties fairly.  Do not let any bias, sympathy, or prejudice influence your decision in any way. Nothing I say or do during the trial is intended to indicate what your verdict should be.

1

II.   **<u>OVERVIEW OF THE CASE</u>**

As you heard during the voir dire, the plaintiff in this case is Chugai Pharmaceutical Company, Ltd., which I will refer to as "Chugai."  The defendant is Alexion Pharmaceuticals, Inc., which I will refer to as "Alexion."  Chugai owns two patents that are at issue in this case: U.S. Patent Numbers 9,890,377 and 10,472,623.  I will refer to these patents as the '377 and '623 patents, respectively.  During trial, the parties will offer testimony and evidence to familiarize you with technology involved in the patents.

Infringement of the '377 and '623 patents is not an issue you are deciding in this case and Chugai is not required to prove infringement at this trial.  Instead, you are to assume that Alexion infringes the '377 and '623 patents.  Then the issues that you must decide are: (1) whether Chugai has proven that the assumed infringement of any valid claims of the '377 and '623 patents was willful; (2) whether Alexion has proven that one or more of the asserted claims of the '377 and '623 patents is invalid; and (3) if Alexion has not proven every asserted claim is invalid, what amount of damages are owed to Chugai.

### III.    <u>UNITED STATES PATENTS</u>

As I just mentioned, this case is about patents, which is an area unfamiliar to many people. To help you understand what patents are and how they are obtained, you will now be shown a video produced by the Federal Judicial Center.  The video will run for approximately 17 minutes. At the conclusion of the video, I will provide you with additional instructions.

IV.    **EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received as exhibits; any facts that have been agreed to by the parties; and any facts which I say you must accept as true.

Certain things are not evidence:

1.     Statements, arguments, questions, and comments by lawyers are not evidence.

2.     Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3.     Objections are not evidence.  Lawyers have an obligation to their clients to object when they believe that the testimony or exhibits being offered into evidence are not proper under the Rules of Evidence.  You should not be influenced by a lawyer's objection or my ruling on the objection.  If I sustain or uphold the objection to a question or an exhibit, you must ignore the question or the exhibit.  If I overrule an objection and allow the matter into evidence, treat the testimony or document like any other evidence.  If I instruct you that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only.  If this occurs during the trial, I will try to clarify this for you at that time.

4.     Testimony and exhibits that I exclude or strike from the record or tell you to disregard are not evidence and must not be considered.

5.     Anything you see or hear about this case outside this courtroom is not evidence and must be disregarded.  You are to decide this case solely on the evidence presented here in the courtroom.

Finally, some of you may have heard the phrases or terms "direct evidence" and "circumstantial evidence."  Direct evidence is direct proof of a fact, such as testimony by an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that

other facts exist.  For example, the fact that it snowed overnight could be proven directly ("I saw it snow last night") or circumstantially ("When I went to sleep the grass was green, when I woke up there was a foot of snow on the ground").  Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that is presented to you.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## V.   **BURDENS OF PROOF**

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof."  In a patent case such as this, there are two different burdens of proof that are used.  The first is called "preponderance of the evidence."  The second is called "clear and convincing evidence."  Your verdict will depend on whether you find certain facts have been proved under the burden of proof that applies to a particular issue.

Chugai contends that Alexion has willfully infringed its patents.  Chugai has the burden of proving willful patent infringement by a preponderance of the evidence.  That means that Chugai has to prove to you, in light of all the evidence, that what it claims is more likely true than not.

Alexion contends that the claims of the patents are invalid.  On this issue, Alexion has the burden of proof and it must prove by clear and convincing evidence that the patents are invalid.  Proof by clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is, thus, a higher burden than proof by a preponderance of the evidence.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and it applies only to criminal cases.  It does not apply in civil cases such as this.  You should therefore put it out of your mind.

## VI.    <u>**WITNESSES**</u>

You are the sole judges of each witness's credibility.  It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were and how much weight you think their testimony deserves.

This instruction applies to all witnesses, including expert witnesses.

## VII.   <u>EXPERT TESTIMONY</u>

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.  In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness.  Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness.

## VIII.   <u>DEPOSITION TESTIMONY</u>

You may hear some witnesses testify through deposition testimony.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.  The deposition may also be recorded on videotape.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

The depositions in this case were taken over the course of several months in various locations.  The rules regarding mask wearing varied by time and location.  Some witnesses are wearing masks during their depositions due to local mask mandates.  Some witnesses were not subject to mask mandates.  You should not take a witness's mask wearing into consideration when assessing their deposition testimony.

**IX.**    **<u>ADMITTED FACTS</u>**

 The parties have stipulated that certain facts are true, and those admitted facts may be read to you during trial.  You must treat these admitted facts as having been proven for purposes of this case.

**X.**     **<u>DEMONSTRATIVES</u>**

Certain charts and summaries may be shown to you to help explain the facts disclosed by the books, records, or other underlying evidence in the case.  Those charts or summaries are used for convenience.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the documents, testimony, or other underlying evidence.

## XI.   <u>BENCH CONFERENCES</u>

During the trial it may be necessary for me to talk with the lawyers outside your hearing by having a conference.  That may mean that I excuse you or that some of the lawyers and I go back into my Chambers for a few minutes so that we can talk.  If that happens, please be patient and understand that while you are waiting, the Court and the lawyers are working.  And know that even then the parties are being charged for the time, so the time spent comes out of their total trial time.  We are not trying to keep important information from you.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence that govern the trial, and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  If you would like to stand or stretch or walk around the jury box while we are conferring, you should feel free to do so.

I may not always grant a lawyer's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## XII.   <u>NOTE-TAKING</u>

You have been given a notepad and a pen. If you wish, you may, but are not required to, take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide this case.  Do not let note-taking distract you to the point that you miss hearing other testimony from the witness.

A word of caution is in order.  There is generally a tendency to attach undue importance to matters that one has written down.  Some testimony that is considered unimportant when presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence.  Therefore, your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

During the trial, documents or other physical items may be received into evidence.  You will not be supplied with a list of exhibits that are received in evidence.  Therefore, you may wish to make notes about the exhibits, especially their description and number, so that you can refer to those exhibits while you are deliberating. You will be given a hardcopy of every admitted exhibit to take to the jury room to use during deliberations.

When we take our recess each day for the lunchtime break and when we take our recess each night, please take your notes to the jury room and leave your notes there.  No one will read your notes but you.  Your notes will be destroyed after the trial is over.

At the end of the trial, you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony.  Therefore, you should pay close attention to the testimony

as it is given.  I do not suggest that you look to your note taking as a substitute for that written

Case transcript.  Instead, as you listen to the testimony, keep in mind that you will be relying on

your recollection of the testimony during your deliberations.

## XIII.   <u>CONDUCT OF THE JURY</u>

Now a few words about your conduct as jurors.

First, until you have heard all of the evidence and retired to the jury room to deliberate after closing arguments, you are not to discuss the case with anyone, not even among yourselves during the trial.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is not because they are being rude, but because they are not supposed to talk with you, nor you with them.  If anyone should try to talk to you about the case, please bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence.  By that, I mean, if there is a newspaper or internet article or television or radio report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own.  Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, or the individuals or entities involved in the case.  In other words, you should not consult dictionaries or reference materials (in print, electronic, or other format) or search websites or blogs on the internet.  Also, again, should there happen to be a newspaper article, internet article, or television or radio report relating to this case, do not read the article or watch or listen to the report.  It is important that you decide this case based solely on the evidence presented in the courtroom.  Please do not try to find out information from any other sources.

I know that many of you use cell phones, iPhones and other smartphones, iPads and other tablets, the internet, and other forms of technology.  You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends.  You may not communicate with anyone about the case on your cell phone or

smartphone, through e-mail, your tablet, text messaging, on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking web sites, including but not limited to Facebook, Twitter, Instagram, LinkedIn, and YouTube.

Finally, you should not form any conclusion as to the claims until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case. You will receive detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## XIV.    <u>COURSE OF THE TRIAL</u>

The trial will begin shortly.

First, each side may make an opening statement.  An opening statement is not evidence, but is simply an outline of what that party intends to prove to help you follow the evidence that will be presented.

After the opening statements, the parties will present their evidence.  Plaintiff will go first and present their witnesses, and the Defendant may cross-examine those witnesses.   Then Defendant will present its witnesses, and Plaintiff may cross-examine them.  Both parties may also present rebuttal witnesses and evidence.

After that, I will give you instructions on the law, and the attorneys will make their closing arguments to summarize and interpret the evidence for you.

After that you will retire to the jury room to deliberate on your verdict.

## XV.    TRIAL SCHEDULE

Though you have heard this before, I want to again outline the schedule I will maintain during the course of this trial.

As mentioned previously, once trial begins, this case is expected to take up to five business days to try, between now and Friday, January 7.

The trial will normally begin each day at 9:00 A.M., will go until around 12:30 P.M., when there will be about a forty-five-minute break for lunch, before continuing until 4:30 or 4:45 P.M. There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule.  It is possible there will be some interruptions if I need to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations.  At that point, you will be permitted to deliberate as late as you wish.

As I have mentioned, this is a timed trial.  That means that I have allocated each party a maximum number of hours in which to present all portions of its case.  This allows me to assure you that the case is expected to be completed by Friday.

Of course, you can help us stay on schedule by being here promptly each morning and being ready to proceed at the end of each break.